UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Steven James Przyborski, Plaintiff )
)
v. )
) CIVIL ACTION
Midland Credit Management, )
Inc., and Lindner & Associates, ) NO.
P.C., Defendants )

COMPLAINT  04·10470 NG

*Referred to MJ LP Cohen*

I. Summary

1. Plaintiff seeks damages and costs for unlawful debt collection practices under 15 USC § 1692.

II. Parties

2. Plaintiff Steven James Przyborski is a natural person residing in Somerville, Middlesex County, Massachusetts.

3. Defendant Midland Credit Management, Inc., is a corporation engaged in Massachusetts in the business of collecting debts, with an office located at 5230 Washington Street, Roxbury, Suffolk County, Massachusetts and a principal place of business located at 5775 Roscoe Court, San Diego, California.

4. Defendant Lindner & Associates, P.C. is a professional corporation engaged in Massachusetts in the practice of law and in the business of collecting debts, with its principal place of business located at 254 Second Avenue, Needham, Norfolk County, Massachusetts.

III. Jurisdiction

5. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d).

DOCKETED

IV. First Count

6. Defendant Midland Credit Management, Inc., (MCM) demands that plaintiff pay an alleged debt. MCM now attempts to collect the alleged debt through its agent, defendant Lindner & Associates, P.C., who states the amount of the alleged debt as $1181.81.

7. On December 2, 2003, MCM stated in a letter to plaintiff that MCM "has been authorized to forward the above referenced account to an attorney authorized to practice in your state with the intent to initiate legal action to satisfy this debt." Exhibit A. On or before February 12, 2004, MCM referred the matter of the alleged debt to defendant Lindner & Associates, P.C.

8. MCM intentionally caused plaintiff to conclude from the facts alleged in paragraph 7 that MCM had decided to initiate legal action against plaintiff.

9. MCM has never intended at any time to initiate legal action against plaintiff.

10. As a result of MCM's actions, plaintiff suffered emotional distress.

11. Plaintiff repeats and incorporates by reference paragraphs 12 through 28.
Wherefore plaintiff demands judgement against Midland Credit Management, Inc., for damages and costs.

V. Second Count

12. Plaintiff repeats and incorporates by reference paragraphs 6 through 10.

13. On February 12, 2004, Lindner & Associates sent plaintiff a letter, which (a.) contained the heading "Lindner & Associates P.C., Attorneys at Law", (b.) listed Mark Lindner as one of the firm's attorneys, (c.) bore the purported signature of Mark Lindner, (d.) stated in part, "I represent Midland Credit Management, Inc.," and (e.) demanded payment of $1181.81. Exhibit B.

14. Contrary to its plain meaning, the communication alleged in paragraph 13 was not prepared, read, reviewed, signed or sent by Mark Lindner or any other attorney.

15. Lindner & Associates conducts at least two separate and distinct operations, the practice of law and the collection of debts.

16. The Lindner & Associates employees that have communicated with plaintiff by telephone are not attorneys, but debt collectors, whose duties are not related to Lindner & Associates' law practice.

17. In relation to plaintiff's alleged debt, Lindner & Associates contracted with MCM only to provide ordinary debt collection services, such as are routinely provided by non-attorney debt collectors.

18. Lindner & Associates intentionally caused plaintiff to conclude from the communication alleged in paragraph 13 that Lindner & Associates had been retained by MCM as legal counsel in the matter of the alleged debt.

19. Lindner & Associates has never been retained by MCM as legal counsel in any matter relating to plaintiff

20. As a result of Lindner & Associates' actions, plaintiff suffered emotional distress.

Wherefore plaintiff demands judgement against Lindner & Associates, P.C., for damages and costs.

## VI. Third Count

21. On February 26, 2004, Eric Green, an employee of Lindner & Associates, telephoned a third party's residence and left a recorded message.

22. On February 27, 2004, plaintiff stated to Lindner & Associates employees Eric Green and Bob Sullivan that the number at which Eric Green had left a message was not plaintiff's number, and that plaintiff could not be reached there.

23. On March 2, 2004 and March 4, 2004, Eric Green telephoned the same third party's residence and left recorded messages.

24. Eric Green made the communications alleged in paragraphs 21 and 23 in connection with the collection of a debt, knowing that the communications would be received by a third party, and without plaintiff's consent.

25. In each of the communications alleged in paragraphs 21 and 23, Eric Green stated that he was calling from "attorney Mark Lindner's office."

26. In none of the communications alleged in paragraphs 21 and 23 did the third party ask Eric Green to identify his employer.

27. At all times relevant to the communications alleged in paragraphs 21 and 23, Eric Green was in possession of plaintiff's current street address and e-mail address.

28. As a result of the communications alleged in paragraphs 21 and 23, plaintiff suffered emotional distress.

Wherefore plaintiff demands judgement against Lindner & Associates, P.C., for damages and costs.

Plaintiff waives trial by jury.

Plaintiff demands defendants be subject to joint and several liability for damages and costs on all counts.

_____
Steven James Przyborski, J.D.
98 Morrison Avenue #1
Somerville, Massachusetts 02144
617-413-5435

**mcm**
midland credit management, inc.
P.O. Box 939019
San Diego, CA 92193-9019

Contact Information
Tel (800) 939-2353
Fax (800) 306-4443
**Hours of Operation**
M - Th 6am - 7pm
Fri - Sat 6am - 5pm PST

000008
#BWNHLTH
#0000 0098 1222 4054#
STEVEN J PRZYBORSKI
98 MORRISON AVE
SOMERVILLE   MA   02144-2322

| | |
|---|---|
| Current Owner | |
| Midland Receivables 98-1 Corp. | |
| Original Account Number | |
| 6011002780125050 | |
| Original Issuer | |
| DISCOVER | |
| MCM Account Number | |
| 981222405 | |
| Settlement Amount | |
| $1,546.66 | |
| Due | |
| NOW | |

December 2, 2003

Dear STEVEN J PRZYBORSKI,

You have chosen to ignore all of our previous communications regarding the debt referred to above.

This letter is to inform you that Midland Credit Management, Inc. has been authorized to forward the above referenced account to an attorney authorized to practice in your state with the intent to initiate legal action to satisfy this debt. However, no decision to forward your account has been made at this time.

Please contact our office to make arrangements to pay this debt and prevent referral of your account. Contact this office at the following TOLL FREE number (800) 939-2353.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

Sincerely,

Midland Credit Management, Inc.

The local Massachusetts office of MCM is located at 5230 Washington Street, West Roxbury, MA 02132 and the office hours are as follows: Monday - Thursday 10:00 a.m. - 3:00 p.m. EST. All correspondence should be sent to the address at the top of this letter.

---

*Please tear off and return lower portion with payment in envelope provided*

STEVEN J PRZYBORSKI
98 MORRISON AVE
SOMERVILLE   MA   02144-2322

**mcm**
midland credit management, inc.
Department 8870
Los Angeles, CA 90084-8870

**PAYMENT PROGRAM**

| MCM Account Number | |
|---|---|
| 981222405 | |
| Account Balance | $ 1,546.66 |
| Amount Enclosed | |

04 0981222405 4 0154666 010104 2

3A67    MCR..*07110*.0444343004.00013.00013..........MCR..........WCAP26

# Lindner & Associates, PC
**Attorneys at Law**

Mailing P.O. Box 920435, Needham, MA 02492-0005
254 Second Avenue, Needham, MA 02494-2239
Tel (781) 247-1100
(800) 982 7757
Fax (781) 247-1143
mlindner@lindner-law.com

<u>Mark Lindner</u>
Lynn Flury
Trisha J Kazan (MA & DC)
Sean M Callahan
Sara Discepolo (MA, CT & PA)
Grace M Calamita (MA & CT)
David S. Carron
Mireille Vartanian
Michael P Cashman (MA & RI)
Charles M Landry III

<u>In Connecticut</u>
Grace M Calamita
152 Simsbury Rd
Avon, CT 06001
Tel (860) 674 8404
Fax (860) 674 8393

February 12, 2004

155742
Steven Przyborski
98 Morrison Ave
Somerville MA  02144

Creditor: Midland Credit Management, Inc.  Original Creditor: DISCOVER
Alleged Debtor: Steven Przyborski
Our File # 155742     Clients File # 6011002780125050

Dear Sir/Madam:

I represent Midland Credit Management, Inc. who has purchased your DISCOVER account. Their records reflect an unpaid balance of $1,181.81.

Please forward your check or money order in the amount of $1,181.81 made payable to Midland Credit Management, Inc.. If you are unable to make payment at this time, I suggest that you contact my office to make payment arrangements.

### NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY 10 DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN 7 DAY OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.

Unless you, within 30 days after receipt of this notice, notify us that you dispute the validity of the debt, or any portion thereto, the debt will be assumed to be valid. If you notify us within the 30 day period that the debt or any portion thereof is disputed we will obtain verification of the debt or a copy of a judgment and we will mail to you a copy of such verification or judgment. Upon written request within 30 days, we will provide you the name and address of the original creditor if it is different from the current creditor.

Very truly yours,

Mark Lindner

ml/ml

· demands

*This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.*