UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
                                                               :   CASE NO. 04 10470NG
STEVEN JAMES PRZYBORSKI                                        :
            Plaintiff                                          :
                                                               :
            V                                                  :
                                                               :
MIDLAND CREDIT MANAGEMENT, INC.                                :
AND LINDNER AND ASSOCIATES, PC                                 :
            Defendants                                         :
---------------------------------------------------------------x

## ANSWER

The defendant, Midland Credit Management, Inc. ("MCM"), by and through the undersigned counsel, for its answer to the Complaint herein, states as follows:

1. Admits that the plaintiff claims to seek damages and costs for allegedly "unlawful debt collection practices under 15 USC Section 1692", but denies that MCM engaged in any such unlawful practices or caused any damages.

2. Admits that the plaintiff is a natural person and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations about the plaintiff's current residence, and therefore denies same and leaves the plaintiff to his proof.

3. Admits that MCM is a corporation engaged in the business of collecting debts with a principal place of business located at 5775 Roscoe Court, San Diego, California and has a Massachusetts office located at 5230 Washington Street, West Roxbury, Massachusetts and otherwise denies the allegations of this paragraph.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore leaves the plaintiff to his proof.

ID # 393763v01/14063-2/ 05.13.2004

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore leaves the plaintiff to his proof.

6. Admits that MCM has demanded that the plaintiff pay an alleged debt, admits that MCM assigned the debt to defendant Lindner and Associates, PC for collection, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegation of this Paragraph 6, and therefore leaves the plaintiff to his proof.

7. Admits that on or before February 12, 2004, MCM referred the matter of the alleged debt to defendant Lindner and Associates, PC, that MCM sent a letter to the plaintiff on or about December 2, 2003, and otherwise denies the allegations of this Paragraph as stated and refers to such letter for the content thereof.

8. Denies.

9. Denies.

10. Denies.

11. MCM restates and realleges its answers to Paragraphs 12 – 28 of the Complaint as its answer to this Paragraph 11 as though the answers to such paragraphs were fully set forth herein.

12. MCM hereby restates and realleges its answers to Paragraphs 6-10 of the Complaint, as its answers to Paragraph 12 of this Second Count as though such answers were fully set forth herein.

13-18. MCM denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 13-18 and therefore leaves the plaintiff to his proof.

19. Denies.

20. MCM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this Paragraph 20 and therefore leaves the plaintiff to his proof.

21-28. MCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in these paragraphs 21-28 and therefore leaves the plaintiff to his proof.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any violation of the FDCPA, which the defendant denies, was unintentional, resulting from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

MIDLAND CREDIT MANAGEMENT, INC.
By its attorneys,

_____
Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund, LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199-8004
617-973-6100

Of counsel:  Jonathan D. Elliot, Esquire
             Federal Bar No. 05762
             Kleban & Samor, P.C.
             2425 Post Road
             Southport, CT 06490
             (203) 254-8968

## CERTIFICATE OF SERVICE

I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 14 day of May, 2004, I caused a copy of the above to be mailed to:

| | |
|---|---|
| Steven James Przyborski, J.D. | Jonathan D. Elliot, Esquire |
| 98 Morrison Avenue #1 | Kleban & Samor, P.C. |
| Somerville, MA  02144 | 2425 Post Road |
| | Southport, CT 06490 |

_____
Steven S. Broadley

ID # 393763v01/14063-2/ 05.13.2004

4