UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN 14 P 4: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil Action # 04cv10470 NG

Steven Przyborski
    Plaintiff

vs

Midland Credit Management, Inc,
Lindner & Associates PC and
Mark Lindner
    Defendants

ANSWER

The defendants, Lindner & Associates PC and Mark Lindner, by and through the undersigned counsel, for its answer to the Complaint herein, state as follows:

1. Deny that Defendants engaged in any unlawful debt collection practices or caused Plaintiff any damages, and call upon Plaintiff to prove same.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit that Lindner & Associates PC (Hereinafter "L&A")was retained by Midland Credit Management Inc. (Hereinafter "MCM") as legal counsel in reference to a debt owed by Plaintiff. Subsequent to the drafting of Plaintiff's complaint, the sum of $1,193.08 was paid

      by Plaintiff in full satisfaction thereof. Deny as to each and every other allegation contained herein and call upon Plaintiff to prove same.

7. Admit to the allegation that on or before February 12, 2004 MCM referred the matter to L&A Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of a letter from MCM to Plaintiff, and therefore leaves the plaintiff to his proof. The document speaks for itself.

8. Deny each any every allegation contained herein and call upon Plaintiff to prove same.

9. Deny each any every allegation contained herein and call upon Plaintiff to prove same.

10. Deny each any every allegation contained herein and call upon Plaintiff to prove same.

11. Defendants restate and reallege the answers to Paragraphs 12 -28 of the Complaint as the answer to this Paragraph 11 as though the answers to such paragraphs were fully set forth herein.

12. Defendants restate and reallege the answers to Paragraphs 6-10of the Complaint as the answer to this Paragraph 11 as though the answers to such paragraphs were fully set forth herein.

13. Admit and further answer that the document speaks for itself.

14. Deny each any every allegation contained herein and call upon Plaintiff to prove same.

15. Deny each any every allegation contained herein and call upon Plaintiff to prove same..

16. Admit that the employees of L&A to whom Plaintiff spoke were not attorneys. Deny each any every other allegation contained herein and call upon Plaintiff to prove same.

17. Deny each any every allegation contained herein and call upon Plaintiff to prove same.

18. Admit to the extent that L&A was in fact retained by MCM as legal counsel for the collection of the debt owed by Plaintiff.

19. Deny each any every allegation contained herein and call upon Plaintiff to prove same.

20. Deny each any every allegation contained herein and call upon Plaintiff to prove same.

21. Admit that Eric Green is an employee of Lindner & Associates PC. In further answering Defendants state that on February 26, 2004 a telephone call was placed to the telephone number of record that was provided to L&A when the matter was referred to L&A. Deny knowledge or information sufficient to form a belief as to the truth of each any every other allegation contained herein and call upon Plaintiff to prove same.

22. Deny knowledge or information sufficient to form a belief as to the truth of each allegation contained herein and call upon Plaintiff to prove same.

23. Admit that Eric Green placed a telephone call to the telephone number of record on March 04, 2004. Deny as to each any every other allegation contained herein and call upon Plaintiff to prove same.

24. Deny each any every allegation contained herein and call upon Plaintiff to prove same.

25. Deny knowledge or information sufficient to form a belief as to the truth of each allegation contained herein and call upon Plaintiff to prove same.

26. Deny knowledge or information sufficient to form a belief as to the truth of each allegation contained herein and call upon Plaintiff to prove same.

27. Admit that Defendants' possess a record of Plaintiff's street address in its computer database;

    Defendants do not retain e-mail information in the account database. Defendants deny knowledge or information sufficient to form a belief as to the truth of each other allegation contained herein and call upon Plaintiff to prove same.

28. Deny each any every allegation contained herein and call upon Plaintiff to prove same.

Further Answer to Plaintiff's First Amendment

1. Defendants admit that the word "alleged" should be stricken wherever Plaintiff used it to qualify the word "debt" in his initial complaint.

2. Deny that Plaintiff suffered any damages actual or other wise, and call upon Plaintiff to prove same.

Further Answer to Plaintiff's Second Amendment:

1. Admit that Plaintiff made payment in full of his debt to MCM.

2. No response called for.

3. Deny. In further answering Defendants state that the usual place of business of Lindner & Associates PC is 254 Second Avenue, Needham MA as Plaintiff alleged in Paragraph 4 herein. L&A was formerly located at 633 Highland Avenue, Needham MA.

4. Defendants restate and reallege the answers to Paragraphs 12-28 of the Complaint as the answer to this Paragraph as though the answers to such paragraphs were fully set forth herein.

5. Deny that Plaintiff suffered any damages actual or otherwise, and calls upon Plaintiff to prove same.

6. To the extent that any facts are alleged herein, Defendants deny each and every allegation and call upon Plaintiff to prove same.

7. Deny each any every allegation contained herein and call upon Plaintiff to prove same.

8. To the extent that any facts are alleged herein, Defendants deny each and every allegation and call upon Plaintiff to prove same.

9. To the extent that any facts are alleged herein, Defendants deny each and every allegation and call upon Plaintiff to prove same.

## DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. If Defendants did violate any of the statutes upon which Plaintiff relies in seeking damages, such violation was unintentional, resulting from a bona fide error notwithstanding the

maintenance of procedures reasonably adapted to avoid such errors.

3. Defendants followed all applicable law in attempting to collect a debt from Plaintiff.

4. Any emotional distress suffered by Plaintiff was not caused by Defendants nor its authorized agents.

5. Plaintiff failed to mitigate his alleged damages.

6. Plaintiff's pleadings do not follow proper form.

7. Insufficiency of process.

8. Insufficiency of service of process.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed with prejudice and costs awarded to Defendant and all other relief deemed just.

Mark Lindner  BBO300680
Lindner & Associates, PC
254 Second Avenue
Needham, MA 02492
(781) 247-1100
May 20, 2004

155742

CERTIFICATE OF SERVICE

I, the below signed, do hereby certified that on 05/25/04 I served the following party Defendant's Answer to Plaintiff's Complaint and Amendments to Complaint by mailing a copy of this letter and all supporting documents, first-class postage prepaid to:

Steven Przyborski
98 Morrison Avenue Apartment 1
Somerville MA 02144


Trisha Kazan
Lindner & Associates PC
PO Box 920435
Needham MA 02492-0005
05/25/04